UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 07-20561-CR-MORENO

**UNITED STATES OF AMERICA,**

       **Plaintiff,**

**v.**

**RAMON MOREIRA,**

       **Defendant.**

_____

## AMENDED DETENTION ORDER[1]

Pursuant to 18 U.S.C. § 3142(f), on November 5, 2010, a hearing was held to determine whether defendant, **RAMON MOREIRA**, should be detained prior to trial. Having considered the factors enumerated in 18 U.S.C. § 3142(g), this Court finds that no condition or combination of conditions will reasonably assure the appearance of this defendant as required. Therefore, it is hereby ordered that the defendant **RAMON MOREIRA** be detained prior to trial and until the conclusion thereof.

In accordance with the provisions of 18 U.S.C. § 3142(i), the Court hereby makes the following findings of fact and statement of reasons for the detention:

1. The defendant is charged by indictment in the Southern District of Florida, with four counts of healthcare fraud, in violation of Title 18, Section 1347.

2. The weight of the evidence against the defendant is substantial. The government has proffered that on February 28, 2007, the defendant was added to the

---

[1] This Order is amended to correct the amount of claims submitted to Medicare.

articles of incorporation of J&G Health Care, Inc. (hereinafter "J&G"). The defendant also opened a bank account for J&G in which he was the sole signatory on the account. J&G submitted approximately $5.2 million in fraudulent claims to Medicare in a two and a half month period. Medicare paid approximately $1 million in claims. Bank records show that checks totaling $10,000 to $15,000 were made payable to the defendant from J&G's bank account. The defendant was told by co-conspirators to flee the country and the defendant fled to Cuba. In post-arrest statements, the defendant admitted that becoming involved with J&G and that he did so because he needed the money.

    3.  The pertinent history and characteristics of the defendant support pretrial detention. The defendant was born in Guantanamo, Cuba on August 31, 1930. The defendant's mother resides in Cuba and the defendant in the past has sent money to assist his mother. The defendant when not living on a vessel resides in Cuba and lacks assets or financial ties to the United States. The defendant faces a substantial term of imprisonment if convicted. Title 18, United States Code, Section 3142(g)(3)(A).

    4. The defendant has no assets in the United States and substantial ties to Cuba. Because of the seriousness of the offense, the undersigned believes that the defendant would not appear if released on bond.

    5. The Court specifically finds, that there are no conditions or combination of conditions which reasonably will assure the defendant's appearance as required. Based upon the above findings of fact, which were supported by a preponderance of the evidence, the Court has concluded that this defendant presents a risk of flight.

    The Court hereby directs:

(a)  That the defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practical, from persons awaiting or serving sentences or being held in custody pending appeal;

(b)  That the defendant be afforded reasonable opportunity for private consultation with counsel; and

(c)  That, on order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the defendant is confined deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

DONE AND ORDERED at Miami, Florida, this **5th** day of November, 2010.

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies to:
U.S. District Judge Moreno
All Counsel of Record
Pretrial Services